Duane Anderson
1007 Capra Way
Fallbrook, CA 92028
(760) 731-9697
Email duane@hughes.net

FILED

13 DEC 30 PM 12: 36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

### SAN DIEGO DIVISION. '13 CV 3180 CAB DHB



| | |
|---|---|
| Duane Anderson, an individual )<br><br>            Plaintiff )<br><br>vs. )<br><br><br><br>Central Mortgage Company,<br>William G. Roehrenbeck CEO,<br>Michael Baker, and DOES 1-<br>20, inclusive,<br><br>            Defendants<br><br><br>_____ )<br> ) | Case No.:_____<br><br>COMPLAINT FOR DAMAGES<br><br>TEMPORARY RESTRAINING ORDER AND<br>PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF<br><br>1.  VIOLATION OF TRUTH IN LENDING ACT (15 U.S.C. § 1601)<br>2.  VIOLATION OF RESPA (12 U.S.C. § 2605)<br>3.  VIOLATION OF CALIFORNIA ROSENTHAL ACT<br>4.  QUIET TITLE<br>5.  WRONGFUL FORECLOSURE<br>6.  ORDER TO SET ASIDE TRUSTEES SALE<br>7.  CANCELLATION OF TRUSTEE'S SALE<br>8.  SLANDER OF TITLE<br>9.  CIVIL CONSPIRACY<br>10. UNFAIR BUSINESS PRACTICES (CAL. B&P CODE § 17200)<br>11. VIOLATION OF RICO (18 U.S.C. §§ 1961)<br>12. FRAUD<br>13. CONSTRUCTIVE TRUST<br>14. DEFAMATION OF CHARACTER<br><br>RIGHT TO AMEND THIS COMPLAINT<br>DEMAND FOR JURY TRIAL |

Plaintiff Duane Anderson (hereinafter "Plaintiff"), for his Complaint against Defendants Central

Mortgage Company (hereinafter "CMC"), William G. Roehrenbeck CEO (hereinafter "Roehrenbeck"),

Michael Baker (hereinafter "Baker"), and DOES 1-20, pleads as follows:

## JURUSDICTION AND VENUE

1. Plaintiff's claims against Defendants include violations of federal statutes commonly known as RESPA, TILA and RICO, with additional claims under California state law. These claims all arise out of the same controversy and sequence of events.

2. The real property which is the subject of this complaint is located within the County of San Diego.

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367, 18 U.S.C. §1964(c), and 15 U.S.C. §1640(e).

4. Venue is proper in the Southern District of California under 28 U.S.C. § 1391(b).

## THE PARTIES

5. Plaintiff Duane Anderson is, and at all times mentioned herein was, an individual residing in the State of California, County of San Diego. He resides at the real property that is the subject of this Complaint, the location of which is commonly known as 1007 Capra Way, Fallbrook, California 92028 (hereinafter "the Property").

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint, Defendant CMC was and is a Arkansas corporation doing business in the state of California from 801 John Barrow Road Suite 1, Little Rock, AR 72205, and in the business of purchasing and otherwise taking assignment of consumer credit transactions described in the Federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, originated by others.

7. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this Complaint Defendant CMC was and is a Arkansas corporation doing business in the state of California and was and is also in the business of being a "servicer" of "federally related mortgage loans" as those terms are defined in RESPA, 12 U.S.C. §§ 2602(1) and 2605(i)(2). Plaintiff is further informed and

believes and thereon alleges that CMC was and is in the business of the collection of consumer debts, either on behalf of itself or others, and it is therefore under the authority of the California Rosenthal Act ("Rosenthal Act"), Cal. Civil Code §§ 1788 *et seq.*

8. Plaintiff is informed and believes, and thereon alleges that at all times mentioned in this Complaint, Defendant William G. Roehrenbeck ("Roehrenbeck ") is and was an individual acting as CEO for CMC doing business in California from 801 John Barrow Road Suite 1, Little Rock, AR 72205.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendant Michael Baker ("Baker") was and is an individual, in the business of acting as attorney representing CMC, doing business in California from PITE DUNCAN, LLP, 4375 Jutland Drive Suite 200, San Diego, California  92177.

10. Plaintiff is ignorant of the true names and capacities of the defendants sued herein under the fictitious names Does 1 through 20, inclusive, and Plaintiff will amend this Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and believes and thereon alleges that each of said fictitiously named defendants is responsible in some manner for the acts complained of herein.

11. Plaintiff is informed and believes and thereon alleges that Defendants and each of them at all times herein relevant were, and still are, agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.

## REQUEST FOR INJUCTIVE RELIEF

12. Immediate injunctive relief is warranted in this action because Plaintiff is about to be evicted from his home by the San Diego sheriff's Department at any time.  Defendant CMC prevailed at an unlawful detainer proceeding as to the Property, and as a result, a writ of possession issued in

favor of CMC. Plaintiff expects the five-day "lock-out" notice to be posted at any time. However, Plaintiff contends that the foreclosure sale itself should be set aside, for the reasons set forth in the instant Complaint. If injunctive relief is not immediately granted, Plaintiff may be evicted from his home before the Court has the opportunity to adjudicate the issues raised herein, and he would thus be deprived of any adequate remedy for the wrongs committed by Defendants.

13. Moreover, if Plaintiff were forced to move from his home, it would subject him to the irreparable harm of public humiliation and loss of reputation in the community in which he lives and works. If the eviction proceeds, Plaintiff does not know where he would live and could be out on the street. Given the fact that at every stage of these events, from the loan origination to the foreclosure sale, Defendants have misled Plaintiff and acted to his detriment, and given the fact that Plaintiff contends that CMC had no right to foreclose on the Property, and thus the unlawful detainer action brought by CMC was essentially a fraud upon the court, this additional irreparable harm would represent the very definition of "adding insult to injury."

14. The Property is unique. Therefore, should the requested injunctive relief not be granted, Plaintiff will suffer irreparable injury for which there is no adequate remedy in law when he is forcibly evicted from his home and CMC proceeds to sell the Property to a third party, who may then be a bona fide purchaser for value, causing the Property to be lost to Plaintiff forever.

## FACTUAL BACKGROUND

15. This case arises out of a loan and foreclosure related to the Property, of which Plaintiff is the rightful owner.

16. On or about summer of 2002, Plaintiff purchased the Property, and became the owner of legal title to the Property, using funds acquired through a loan from Raymond Chavez. The terms of

the loan were memorialized in a promissory note ("the Note"), which was in turn secured by a

Substitution of Trustee and Deed of Full Reconveyance on the Property.

17. The Substitution of Trustee and Deed of Full Reconveyance was recorded in San Diego

County on August 28, 2003 as DOC # 2003-1049031 ("Deed of Full Reconveyance"). The Deed of

Full Reconveyance identified as beneficiaries Raymond M. Chavez and Rupert L. Keesler.

18. Towards the end of 2003, Plaintiff refinanced with Homecomings. Within a short period

of time, the loan went to GMAC, who acted as servicer.

19. Around March of 2005, plaintiff refinanced it with World Savings for $570,000.00,

monthly payments were $2,092.61. Chase Bank gave him a line of credit for $100,000.00.

20. On December 12, 2006, plaintiff refinanced again with AEGIS Wholesale Corporation,

3010 Briarpark Drive, #700, Houston, TX 77042, for $675,000.00. Plaintiff refinanced due to balloon

payment and adjustable interest rate, and the new loan included a $20,000.00 pay-off penalty for World

Savings to cancel the 2003 loan. AEGIS kept it for 90 days, after which it went to GMAC who acted

as servicer.

21. On or about July 1, 2007 plaintiff's loan was transferred from GMAC to CMC as servicer.

CMC's "Loan Corporate Advance Fee History" shows that they took over the loan for $678,342.12,

put all the missed payments on the back, and rolled hazard insurance and taxes into the mortgage

payments, which were $4,241.93 per month (interest only, taxes, insurance).

22. When the loan was consummated, Plaintiff did not receive required documents and

disclosures, including, but not limited to, the Truth-in-Lending Disclosure statement containing

required material disclosures and tire required number of copies of the Notice of Right to Cancel

containing the dated that the rescission period expires. Plaintiff is entitled to damages for violations

that occurred at the time of consummation of the loan transaction.

23.  On March 3, 2009, plaintiff got notice of start of foreclosure proceedings, and tried to get the loan with CMC adjusted.

24.  On September 15, 2009, plaintiff received a letter from CMC which listed options, such as taking the money that Plaintiff owed, and put it on the back of the loan, which lowered interest rates.

25.  On October 2, 2009, plaintiff received a letter from CMC that his loan was in default.

26.  On November 17, 2009, plaintiff received a letter from CMC which listed options, and noticing plaintiff that the account was turned over to Old Republic for foreclosure.

27.  On May 24, 2010, an Assignment of Deed of Trust was recorded with the San Diego County Recorder, Document No. 2010-0258030, stating MERS assigned the Deed of Trust together with the Note, all beneficial interest to defendant CMC.

28.  On May 24, 2010, a Substitution of Trustee was recorded with the San Diego County Recorder, DOC # 2010-0258031, which states the undersigned is the Beneficiary under said deed of trust.  CMC couldn't substitute a trustee because the chain of title was broken.  Once the Note was converted to a security, it is regulated by the SEC.  The Substitution of Trustee is a defective document, and CMC and Janice Davis (signer on the document) violated Calif. Penal Code § 115.

29.  In July 2010, plaintiff paid about $40,743.33 to bring the account current and stop the foreclosure.  This included charges for Title Search, Inspection Fee, and Modification fee payment.

30.  On October 25, 2010, a Notice of Default And Election To Sell Under Deed Of Trust was recorded with the San Diego County Recorder, DOC # 2010-0571041.  The Notice of Default (NOD) violated California Civil Code 2924c.(b)(1) because the NOD is required to, but did not have,  have the name, address and phone number of the beneficiary on the NOD.  CMC and Natalie McClendon (contact person for CMC on the NOD) claimed that CMC is the beneficiary.  The NOD states that the Deed of Trust and the Note are presently held by Old Republic Default Management Service

(ORDMS) and the present beneficiary has deposited the Deed of Trust <u>and</u> the Note with the duly appointed trustee. How could that be true, when CMC's letter dated May 25, 2011 states that the Note was pooled in a securities offering registered with the SEC? Therefore, the NOD is a defective document and CMC and Natalie McClendon violated California Penal Code § 115.

31. On May 3, 2011, A Notice of Trustee's Sale was recorded with the San Diego County Recorder, DOC # 2011-0228448. The chain of title was been broken, CMC is not the party of interest, and could not (but did) instruct ORDMS to initiate a non-judicial foreclosure sale.

32. On May 25, 2011, plaintiff received a letter from CMC, which stated that CMC is the servicer of his loan. The letter states that plaintiff's note was pooled with other notes in a securities offering, registered with the U.S. Securities Exchange Commission (SEC), MSMLT 2007-6XS, CIK Number 0001393820, said words to the effect that we are just a servicer, your note has been pooled, we didn't originate your loan, find out the owner of your loan by checking with SEC, see EXHIBIT 1 copy of letter from CMC dated May 25, 2011.

33. On August 8, 2011, CMC recorded a Trustee's Deed Upon Sale on the Property, see EXHIBIT 2 copy of Trustee's Deed Upon Sale on the Property. In this Notice of Default, CMC claimed that "the Grantee" (CMC) was the present holder of the beneficial interest under the Deed of Trust. The Trustee's Deed Upon Sale was signed by Layne Lambert, apparently on behalf of:

> Old Republic Default Management Services, a Division of Republic National Title
> Insurance Company

34. The nature of the relationship between CMC and Republic National Title Insurance Company is not clear from the documents, and is unknown to Plaintiff at this time, but one or both entities were evidently involved in the servicing of the loan and the foreclosure proceedings in some capacity as of August 8, 2011.

35. On August 8, 2011, A Trustee's Deed Upon Sale was recorded with the San Diego County Recorder, DOC # 2011-0401876, stating CMC was the foreclosing beneficiary. How could that be if the note was pooled in 2007 and the chain of title was broken? How can CMC gain possession, knowing that there was no proper transfer of title by the lender (whoever that may be), and if CMC can't provide a purchase receipt or record of deposit in the amount of $497,000.00 paid by the grantee, stating that CMC is the new owner, then no valid sale has taken place. Therefore, the Trustee's Deed Upon Sale is a defective document and CMC violated California Penal Code § 115. Thus, the following documents are all defective and void: Assignment of Deed, Substitution of Trustee, Notice of Default, Notice of Trustee Sale, and The Trustee's Deed Upon Sale.

36. On August 25, 2011, CMC filed an unlawful detainer action against plaintiff.

37. On August 27, 2011, plaintiff sent by certified mail to defendants CMC and Roehrenbeck the first of a series of Affidavits challenging the validity of the debt, in part stating that:

> "Based on the letter dated May 25, 2011, the Note (an instrument, a promise to pay) was placed into a securitization trust and paid off through MSMLT 2007-6XS. Therefore, the debt has been extinguished; the debt has been discharged and setoff. How can my Note have been pooled in 2007 and assigned to CMC in 2010? The Note cannot be in two places at the same time. Either the note would have had to be converted to a security in 2007 to be pooled in the MSMLT 2007-6XS, if not, that would appear to be securities fraud.
>
> Securities Fraud is defined as: A type of serious white-collar crime in which a person or company, such as a stockbroker, brokerage firm, corporation or investment bank, misrepresents information that investors use to make decisions. Securities Fraud can also be committed by independent individuals (such as by engaging in insider trading). The types of misrepresentation involved in this crime include providing false information, withholding key information, offering bad advice, and offering or acting on inside information. This appears to have happened in my note by the identification of the MSMLT 2007-6XS stating the pool the note is in and the PSA, which would make any assignments void.
>
> ...
>
> Therefore, in the Assignment of Deed, the Note could not have been properly conveyed to CMC, because once the Note is converted into a security, there is no more loan and it is forever a security ... Therefore, I believe that the assignment of deed is a defective document and CMC could possibly be in violation of [California] Penal Code 115, which states, (a) Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony. (b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall constitute a separate violation of this section, which is a felony."

38. Plaintiff's Affidavit contained other challenges to the validity of the note, and requested that defendant Roehrenbeck reply within 20 days, see EXHIBIT 3 copy of August 27, 2011 Affidavit sent to Roehrenbeck.  Defendant Roehrenbeck never replied.

39. Between August 25, 2011 up to December 6, 2013, Plaintiff opposed CMC's Unlawful Detainer action, and filed numerous motions, affidavits and rebuttals into the court challenging the legality of CMC's documents and actions, which were all rejected, denied, and ruled against.  Out of desperation, plaintiff even filed a motion demanding that the judge actually read his papers (ala F.R.C.P. Rule 63).  Plaintiff's experience with the state courts was a long series of denials.

40. Defendant Michael Baker represented CMC, and defended it against Plaintiff.  Beginning on January 7, 2012, Plaintiff sent Baker a series of affidavits, informing him of the illegality of his client CMC, that he was an accessory, and had breached his oaths, was acting without a contract, etc., see EXHIBIT 4 copy of one Affidavit.  Plaintiff sent Baker several more notarized affidavits in an effort to resolve or cure, and Baker never responded to any of them.

41. CMC directed Old Republic Default Management Service to conduct the Trustee's sale of the Property, ostensibly to collect the unpaid balance on the note secured by the Deed of Trust. Plaintiff is informed and believes, and thereon alleges, that CMC is not and was not the holder of the Note, nor is it or was it in possession of the Note properly endorsed to it, nor was it or is it otherwise entitled by law to initiate foreclosure under the Deed of Trust.

42. Plaintiff further alleges on information and belief that CMC has and had no right to initiate foreclosure under the Deed of Trust, nor did it have the right to direct Old Republic Default Management Service to foreclose and sell the Property, which was owned by Plaintiff.  CMC knew or reasonably should have known that it had no right to foreclose unless and until it actually had in its possession the original Note properly endorsed to it.

43. Plaintiff further alleges on information and belief that Defendants, and each of them, in so acting in this case and with respect to numerous other mortgages or Deed of Trust security instruments, engaged in a pattern and practice of utilizing the non-judicial foreclosure procedures of California to foreclose on properties when they do not have the right to do so. On information and belief, Plaintiff alleges that Defendants engage in this practice relying on the assumption that the property owners affected generally do not have the legal or financial wherewithal to contest the right of Defendants to foreclose.

44. On information and belief, Plaintiff alleges that CMC regularly approved loan modifications to unqualified borrowers, and implemented practices in this regard ranging from questionable to criminal by setting the loan up to default by manipulating the paperwork to make the payments higher than the borrower could manage. Further on information and belief, Plaintiff alleges that CMC's salespeople worked on commission, meaning the more loans they sold, the more bonus money they received. Plaintiff also alleges on information and belief that CMC salespeople received a greater commission or bonus for placing borrowers in loans with relatively higher yield spread premiums, and therefore borrowers were steered and encouraged into loans with terms less favorable than other loans for which the borrowers could actually qualify.

45. After learning of the foreclosure proceedings, Plaintiff sent to CMC many "Qualified Written Requests" in the form of Affidavits as that term is defined in RESPA, 12 U.S.C. § 2605(e)(l)(B). CMC failed to acknowledge receipt of any of the Qualified Written Requests/Affidavits within 20 days, and also failed to respond by providing the information and explanations requested within 60 days, thus violating RESPA, 12 U.S.C. § 2605(e). When Plaintiff first contacted them by phone, their recorded greeting included the message that CMC was a "debt collector," and any information could be used to collect the debt or words to that effect. Plaintiff heard this greeting

several times, after which, during Plaintiff's subsequent phone calls, the debt collector portion was removed from the message.

46. On information and belief, Plaintiff alleges in all of the wrongful acts alleged herein, Defendants and each of them have utilized the United States mail, telephones and internet in furtherance of their pattern of conduct to unlawfully collect on negotiable instruments when they were not entitled under the law to do so or, assuming *arguendo* that they were so entitled, to profit from these actions in amounts exceeding their rights under the Note.

47. On information and belief, Plaintiff alleges Defendants, in committing the acts alleged in this Complaint and in other cases, are engaging in a pattern of unlawful activity. In pursuing non-judicial foreclosure, Defendants represented that they had the right to payment under the Note, payment of which was secured by the Deed of Trust. Whereas, in fact, Defendants were not in possession of the Note and they were neither holders of the Note nor non-holders of the Note entitled to payment, as those terms are used in California Commercial Code §§3301 and 3309, and therefore they were proceeding to foreclose without right under the law. Further, Defendants added costs and charges to the payoff amount of the Note that were not justified or proper under the terms of the Note or the law, and which constitute unjust enrichment.

48. On information and belief, Plaintiff alleges Defendants caused him to use up all his savings and retirement to save the house between 2002 and 2011 – over $250,000.00.

49. On information and belief, Plaintiff alleges Defendants misrepresented the facts intending to force Plaintiff to either pay large sums of money to Defendants to which they were not entitled, or to abandon the Property to foreclosure sale, to Defendants' profit.

50. On information and belief, Plaintiff alleges Defendant CMC told Plaintiff over the phone that he could get the loan without income verification, which misrepresented the facts intending to

force Plaintiff to either pay large sums of money to Defendants to which they were not entitled, or to abandon the Property to foreclosure sale, to Defendants' profit.

## FIRST CAUSE OF ACTION
### Violation of Truth in Lending Act-15 U.S.C. § 1601 *et seq.*
### (Against Defendants CMC, Roehrenbeck and Baker)

51. Plaintiff incorporates here each and every allegation set forth above.

52. The loan transaction at issue is a consumer credit transaction subject to the provisions of TILA.

53. CMC and Roehrenbeck are "creditors" as that term is defined by 15 U.S.C. § 1602. The transaction between Plaintiff and these Defendants was a consumer loan modification transaction wherein the Defendants extended credit to the Plaintiff and such credit was secured by an interest purportedly held by the Defendants in the Property.

54. Baker assisted CMC and Roehrenbeck as "creditors."

55. As a consumer credit transaction, the Defendants were required to provide to Plaintiff mandatory Truth-in-Lending disclosure statements and notice of the borrower's right to rescind, specifying the date on which the three-day rescission period expires. If the lending institution fails to provide the rescission information, the borrower may rescind the loan within three years after it was consummated. 15 U.S.C. §1635(a) and (f); 12 CFR § 226.23(b)(5). If the borrower timely exercises his right to rescind, the security interest giving rise to the right of rescission becomes void. *Ibid.*

56. In the course of the transaction described herein, Defendants violated TILA in numerous ways, including, but not limited to: failing to provide required disclosures prior to consummation of the transaction; failing to make required disclosures clearly and conspicuously in writing; failing to timely deliver to Plaintiff certain notices required by statute; placing terms prohibited by statute into the

transaction; and failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed.

57. Records from the transaction indicate that Defendants extended credit to Plaintiff without regard to his ability to pay, and probably falsified relevant income and asset data to get the loan approved. Plaintiff is informed and believes and thereon alleges that Defendants have a pattern and practice of extending credit to consumers under high rate mortgages without regard to the consumers' repayment ability.

58. Because of these violations, Plaintiff has a continuing right to rescind the loan transaction for up to three years after consummation of the transaction. Plaintiff hereby gives notice of rescission by and through this Complaint.

59. Baker had knowledge of these violations, and participated in perpetuating the violations by defending other defendants in court.

60. Because of these violations, Defendants are liable to Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C. § 1640(a). Plaintiff is also entitled to: rescission of the loan transaction; an order requiring Defendants to take all actions necessary to terminate any security interest in the Property created under the transaction and a declaration by the Court that the security interest is void; expungement of any foreclosure instruments, including but not limited to any Notice of Default or Notice of Trustee's Sale, relating to the transaction from any public record; removal of any derogatory information reported to any credit reporting agency or credit reporting bureau relating to the transaction; the return to Plaintiff of any money given by Plaintiff to anyone, including Defendants, in connection with the loan transaction; statutory damages; costs and reasonable attorney's fees; and such other relief as the Court may deem just and proper.

61.  As a result of Defendants' misconduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, which he is entitled to recover.  Moreover, Defendants' misconduct was willful, malicious, and outrageous; and therefore punitive damages are warranted and demanded.

62.  As a result of Defendants' misconduct, the loan was void and unenforceable as of its inception, and therefore Plaintiff is entitled to rescind the loan agreement and promissory note and does hereby demand rescission.

63.  As a result of Defendants' misconduct Plaintiff is entitled to declaratory and injunctive relief preventing Defendants from taking any action to collect on the loan, and/or to foreclose upon the Property, and/or to transfer the Property.

**SECOND CAUSE OF ACTION**
**Violation RESPA – 12 U.S.C. § 2601 *et seq.***
**(Against all Defendants)**

64.  Plaintiff incorporates here each and every allegation set forth above.

65.  The loan transaction between Plaintiff and Defendants is a mortgage loan covered by RESPA.

66.  A violation of RESPA is also made unlawful under California state law by Financial Code section 50505, which states: "Any person who violates any provision of [RESPA] or any regulation promulgated thereunder, violates this division [California Residential Mortgage Lending Act]."

67.  Plaintiff is not certain at this time exactly which of Defendants was actually the servicer of the loan at any given time, although he believed that the loan servicer was CMC at the time of the foreclosure.  However, due to the conspiratorial nature of the misdeeds alleged herein, and also due to Defendants' general failure to properly advise Plaintiff as to the roles and identities of the various

entities that were purportedly handling his loan at any given time in spite of Plaintiff's numerous requests to do so, these allegations are made as to all Defendants.

68.  Defendants violated RESPA at the time of closing on the sale of the Property by failing to correctly and accurately comply with disclosure requirements.

69.  Defendants violated RESPA, 12 U.S.C. §2605(e)(2) by failing and refusing to provide a written explanation or response to Plaintiff's Qualified Written Request not later than 60 days after receipt of the request.

70.  Plaintiff is informed and believes, and thereon alleges, that Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. §2605.

71.  As a result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer damages and costs of suit.· Plaintiff is entitled to recover statutory damages of $1,000.00, actual damages in an amount to be determined at trial, and costs and reasonable attorney's fees.

### THIRD CAUSE OF ACTION
**California Rosenthal Act**
**(Against all Defendants)**

72.  Plaintiff incorporates here each and every allegation set forth above.

73.  Defendants' actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including but not limited to: foreclosing upon a void security interest; foreclosing upon a note of which they were not in possession nor otherwise entitled to payment; falsely stating the amount of a debt; increasing the amount of a debt by including amounts that are not permitted by law or contract; and using unfair and unconscionable means in an attempt to collect a debt.

74. Defendants' actions have caused Plaintiff actual damages, including, but not limited to: severe emotional distress, including, but not limited to, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness; sadness and depression.

75. As a result of Defendants' violations, Plaintiff is entitled to statutory damages in an amount to be determined at trial, actual damages according to proof, and costs and reasonable attorneys; fees.

**FOURTH CAUSE OF ACTION**
**Quiet Title**
**(Against Defendant CMC)**

76. Plaintiff incorporates here each and every allegation set forth above.

77. Defendant CMC claims an interest adverse to Plaintiff's interest in the Property, in the form of the Deed of Trust recorded pursuant to the loan transaction and the Trustee's Deed recorded pursuant to the foreclosure sale, and Plaintiff is seeking to quiet title against the claims of Defendant CMC under such Deed of Trust and Trustee's Deed.

78. Plaintiff desires and is entitled to a judicial declaration quieting title in Plaintiff as of July 1, 2007, the date on which the loan transaction went from GMAC to CMC and was consummated.

**FIFTH CAUSE OF ACTION**
**Wrongful Foreclosure**
**(Against all Defendants)**

79. Plaintiff incorporates here each and every allegation set forth above.

80. California Commercial Code § 3301 specifically identifies the persons who are entitled to enforce a security interest, such as instituting a foreclosure sale under a deed of trust. The statute is exclusive rather than inclusive in nature, and those who are not identified do not have the right to enforce such an interest.

81. Plaintiff is informed and believes and thereon alleges that Defendants CMC, Roehrenbeck and Baker were not and are not in possession of the Note, and are not otherwise entitled to payment.

Moreover, Plaintiff is informed and believes and thereon alleges that said Defendants are not "person[s] entitled .to enforce" the Security interest on the Property, as that term is defined in Commercial Code § 3301.

82.  In the Notice of Trustee's Sale, Defendant CMC claimed that it was the holder of the beneficial interest under the Deed of Trust.  Plaintiff is informed and believes and thereon alleges that such claim was false, and CMC had reason to know that such claim was false.  Moreover; Plaintiff is informed and believes and thereon alleges that Defendants CMC and Roehrenbeck were not in possession of the Note, and were not entitled to enforce the security interest on the Property.  Baker aided and abetted defendants CMC and Roehrenbeck.

83.  Said Defendants also failed to properly record and·give notice of the Substitution of Trustee as provided by California Civil Code § 2934a, subsection (b).  One purpose of the requirements set forth in this code section is to inform trustors of the details of alleged defaults and foreclosure proceedings.  It follows that trustors who are not properly informed·of a substitution of trustee cannot exercise their rights to investigate the circumstances of the foreclosure proceedings.  Indeed, in the instant action, Plaintiff sent a Qualified Written Request in the form of an Affidavit to CMC, but it is still not clear whether CMC or someone else entirely was the party to whom the request should have been addressed at the time.  The fact that CMC did not acknowledge receipt of the request in the time period allowed by law, nor did CMC ever provide the information and explanations requested, raises the question of whether the request might have been better addressed to another party.

84.  Said Defendants' failure to comply with statutory notice requirements denied Plaintiff the opportunity to exercise the rights that the statutory notice is specifically designed to protect.

85. Said Defendants did not have the right to foreclose upon the Property under the law. Even assuming, *arguendo,* that Defendants did have some right to enforce the security interest; the procedures used violated statutory requirements governing judicial foreclosure sales.

86. As a direct and proximate result of said Defendants' wrongful actions, Plaintiff has suffered damages, including, but not limited to, direct monetary loss, consequential damages, and emotional distress.

87. In committing the wrongful acts alleged herein, said Defendants acted with malice, oppression and fraud. Said Defendants' willful conduct warrants an award of exemplary damages in an amount sufficient to punish the wrongful conduct and deter such misconduct in the future.

### SIXTH·CAUSE OF ACTION
### To·Set Aside Trustee Sale
### (Defendants CMC, Roehrenbeck and Baker)

88. Plaintiff incorporates here each and every allegation set forth above.

89. The foreclosure sale conducted by Old Republic Default Management Service at the direction of CMC was improperly held and the Trustee's Deed wrongfully executed, delivered, and recorded, in that CMC was not the holder of the note and was not entitled to foreclose thereon. The Notice of Default, which was executed and recorded by CMC, transferred beneficiary rights from MERS to CMC. This adds to the confusion consistently created by Defendants throughout the course of the events described herein.

90. Said Defendants' actions were contrary to law and in violation of the duties and obligations of the purported beneficiary and purported trustee to Plaintiff.

91. Baker, an officer of the court, had knowledge and ability to prevent, but aided and abetted CMC and Roehrenbeck's violations against Plaintiff, against clearly established law, and against the United States.

92.  Said Defendants' actions have caused loss and damage to Plaintiff in that Plaintiff has been wrongfully deprived of legal title by forfeiture and is currently subject to forcible eviction at any time. Accordingly, the Trustee's Sale should be set aside.

## SEVENTH CAUSE OF ACTION
### Cancellation of Trustee's Deed
### (Against Defendants CMC, Roehrenbeck and Baker)

93.  Plaintiff incorporates here each and every allegation set forth above.

94.  Defendants CMC and Roehrenbeck, aided and abetted by Baker, claim an estate or interest in the Property adverse to that of Plaintiff, but CMC's claims are without any right.  CMC has no estate, title, or interest in the Property.

95.  CMC's claims are based upon the Trustee's Deed, purporting to convey the Property to CMC.

96. Although the Trustee's Deed may appear valid on its face, it is invalid, void, and of no force or effect regarding Plaintiff's interests in the Property.  The interest in the Property claimed by CMC, based on the Trustee's Deed, is a cloud on Plaintiff's title in and to the Property, tends to depreciate the market value of the Property, restricts Plaintiff's full use and enjoyment of the Property, and hinders Plaintiff's right to unrestricted alienation of the Property.

97.  As a result of the execution, delivery, and recordation of the Trustee's Deed, Plaintiff has suffered and continues to suffer loss and damages in an amount to be determined at trial.  Moreover, if the Trustee's Deed is not delivered and cancelled, Plaintiff will suffer further serious and potentially irreparable harm.

## EIGHTH CAUSE OF ACTION
### Slander of Title
### (Against Defendants CMC, Roehrenbeck and Baker)

98.  Plaintiff incorporates here each and every allegation set forth above.

99.  Defendants CMC, Roehrenbeck and Baker disparaged Plaintiff's exclusive valid title in 2011, by and through the preparing, posting, publishing and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed.  Said Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, Defendants had no right, title, or interest in the Property.  These documents were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiffs legal title to the Property.  By posting, publishing, and recording, said documents, Defendants' disparagement of Plaintiff's legal title was made to the world at large.

100.  As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiff's title to the Property has been disparaged and slandered, and there is a cloud on Plaintiff's title, and Plaintiff has suffered, and continues to suffer, damages in an. amount to be proved at trial. As a further proximate result of Defendants' conduct; Plaintiff has incurred expenses, including reasonable attorneys' fees, in order to clear title to the Property.  Moreover, these expenses are continuing, and Plaintiff will incur additional charges for such purpose until the cloud on Plaintiff's title to the Property has been removed.  The amounts of future expenses and damages are not ascertainable at this time.

101.  As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered humiliation, mental anguish, anxiety, depression, and emotional and physical distress, resulting in the loss of sleep and other injuries to his health and well-being, and continues to suffer such injuries on an ongoing basis.  The amount of such damages shall be proven at trial.

102.  At the time that the false and disparaging documents were created and published by the Defendants, Defendants knew the documents were false and created and published them with the

malicious intent to injure Plaintiff and deprive his of his exclusive right; title, and interest in the

Property, and to obtain the Property for their own use by unlawful means.

103. The conduct of the Defendants in publishing the documents described above was

fraudulent, oppressive, and malicious.  Therefore, Plaintiff is entitled to an award of Punitive damages

in an amount sufficient to punish Defendants for their malicious conduct and deter such misconduct in

the future.

### NINTH CAUSE OF ACTION
### Civil Conspiracy
### (Against All Defendants)

104.  Plaintiff incorporates here each and every allegation set forth above.

105.  Plaintiff is informed and believes, and thereon alleges, that Defendants conspired and

agreed to implement a scheme to defraud and victimize Plaintiff through the predatory lending

practices and the unlawful acts alleged herein.

106.  Plaintiff is informed and believes and thereon alleges that Defendants did the acts and

things alleged herein pursuant to and in furtherance of their conspiracy to defraud and victimize

Plaintiff.

107.  Plaintiff is informed and believes that Defendants sued herein under real and fictitious

names committed acts in furtherance of the conspiracy, and/or lent aid and encouragement to their co-

conspirators and/or ratified and adopted the acts of their co-conspirators, and are thus jointly and

severally liable for all harm to plaintiff resulting from the conspiracy.

108.  As a direct and proximate result of Defendants' conspiracy to defraud and victimize

Plaintiff, Plaintiff has suffered damages, including, but not limited to, direct monetary loss,

consequential damages, and emotional distress.

109. In conspiring to defraud and victimize Plaintiff, and in committing the Wrongful acts alleged herein, Defendants acted with malice, oppression, and fraud, thus justifying an award of exemplary damages in an amount sufficient to punish their wrongful conduct and deter such misconduct in the future.

## TENTH CAUSE OF ACTION
### Unfair Business Practices – California Business & Professions Code §17200
### (Against All Defendants)

110.  Plaintiff incorporates here each and every allegation set forth above.

111.  Plaintiff is informed and believes and thereon alleges that Defendants committed unlawful, unfair and/or fraudulent business practices, as defined by California Business and Professions Code § 17200, by engaging in the Unlawful, unfair, and fraudulent business practices alleged herein.

112.  As a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial.

113.  Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

114.  Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

## ELEVENTH CAUSE OF ACTION
### RICO – 18 U.S.C. §§ 1961 *et seq.*
### Against all Defendants

115.  Plaintiff incorporates here each and every allegation set forth above.

116.  CMC is an enterprise engaged in the activities of which affect interstate commerce.

117.  Defendants CMC, Roehrenbeck and Baker are persons within the meaning of 18 U.S.C. § 1961(3) and, as persons associated with CMC, conducted and participated, directly and indirectly, in

the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C.A. § 1962(c).

118. The predicate acts which constitute this pattern of racketeering activity were part of a scheme to wrongfully foreclose upon the Property without legal right, and therefore acquire title to the Property through deception and fraud, for the profit of the enterprise, as described herein. For the purpose of executing this scheme, the Defendants placed in post offices and/or in authorized repositories matter and things to be sent or delivered by the Postal Service; caused matter and things to be delivered by commercial interstate carrier, and received matter and things from the Postal service or commercial interstate carriers, including, but not limited to, default and foreclosure related notices. These notices were false, misleading, and contrary to law, as described herein; and were deliberately designed to compel Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise.

119. For the purpose of executing this scheme to defraud Plaintiff and obtain money by means of false pretenses, Defendants also transmitted and received messages by U.S. Mail and wire, including but not limited to telephone and internet communications. In such communications, Defendants sought to convince Plaintiff either to part with large sums of money or to abandon the Property, for the profit of the enterprise, asserting the falsehood that Defendants had the right to foreclose upon the security interest in the Property.

120. These acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of 18 U.S.C.A. § 1961(5).

121. Plaintiff was injured by reason of this violation of 18 U.S.C. § 1962, in that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has suffered, and continues to suffer

damages, including but not limited to, monetary damages and emotional distress, in an amount to be proven at trial.

122.  By reason of the Defendants' violation of 18 U.S.C.A. § 1962, Plaintiff is entitled, pursuant to 18 U.S.C.A. § 1964(c), to threefold the damages sustained, costs of suit, and reasonable attorneys fees.

### TWELFTH CAUSE OF ACTION
### Fraud – 18 U.S.C. §§ 1341-1346
### (Against all Defendants)

123.  Plaintiff incorporates here each and every allegation set forth above.

124.  Defendants CMC, Roehrenbeck and Baker owed duties, obligations and care to plaintiff as required by state and federal law, but filed false documents, initiated false and fraudulent proceedings against plaintiff, and misused and abused the pre-trial process in state court to deprive Plaintiff of property in violation of 18 U.S.C.A. §§ 1341-1346.

125.  Defendants' acts were part of a scheme or artifice to defraud Plaintiff, wrongfully foreclose upon the Property without legal right, and therefore acquire title to the Property through fraud and swindle for Defendants' profit.  Besides the above-mentioned filing of false and fraudulent papers, part of executing this scheme included misusing and abusing the state judicial processes to trick and deceive Plaintiff into believing that the court's and defendant's actions against him were lawful.  These processes were false, misleading; and contrary to law as described herein, and were deliberately designed to compel Plaintiff either to part with large sums of money or to abandon the Property for the profit of the enterprise.

126.  For·the·purpose of executing this scheme to defraud Plaintiff and obtain money by the use of false pretenses, Defendants sent Notices, etc. through the U.S. Mail, filed fraudulent motions in state court which were also sent through the U.S. Mail, filed other fraudulent documents through the

U.S. Mail, and solicited state judges to issue Orders or Judgments against Plaintiff to convince him either to part with large sums of money or to abandon the Property for the profit of Defendants, asserting the falsehood that Defendants had the right to foreclose upon the security interest in the Property.

127. These acts of fraud and swindle committed in and out of court constitute "any scheme or artifice to defraud" within the meaning of 18 U.S.C.A. §§ 1341-1346.

128. Plaintiff was injured by reason of these violations of 18 U.S.C. §§ 1341-1346, in that, as a direct and proximate result of Defendants' complained of acts, Plaintiff has suffered and continues to suffer damages, including but not limited to, monetary damages and emotional distress, in an amount to be proven at trial.

129. By reason of the Defendants' violation of 18 U.S.C.A. §§ 1341-1346, Plaintiff is entitled to damages sustained, costs of suit, reasonable attorney's fees, and is entitled to seeing that Defendants get fined $1,000,000.00 and go to prison for 30 years.

## THIRTEENTH CAUSE OF ACTION
### Imposition of Constructive Trust
### (Against Defendant CMC)

130. Plaintiff incorporates here each and every allegation set forth above.

131. Since 2002, Plaintiff has been the rightful owner of legal title to the Property.

132. In contravention of Plaintiff's ownership rights and interests in the Property, Defendant CMC purported to obtain legal title to the Property by means of an unjustified and fraudulent non-judicial foreclosure sale. In spite Plaintiff's many Notices and Affidavits sent to CMC, CMC refuses to acknowledge Plaintiff's status as the rightful owner of the Property.

133. Defendant holds whatever interest it claims in the Property in trust for Plaintiff.

//

//

## FOURTEENTH CAUSE OF ACTION
### Fraud
### (Against all Defendants)

134.  Plaintiff incorporates here each and every allegation set forth above.

135.  As alleged herein, Defendants, and each of them, have made several representations to Plaintiff with regard to important facts.

136.  These representations made by defendants were false.

137.  Defendants knew that these representations were false when made, or these representations were made with reckless disregard for the truth.

138.  Defendants intended that Plaintiff rely on these representations.

139.  Plaintiff reasonably relied on said representations.

140.  As a result of Plaintiff's reliance, he was harmed and suffered damages.  Plaintiff's reliance on Defendants' false representations was a substantial factor in causing Plaintiff's harm.

141.  Defendants are guilty of malice, fraud or oppression, as defined in California Civil Code section 3294, and Defendants' actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff, in that the actions were calculated to injure Plaintiff.  As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter future misconduct.

## FIFTEENTH CAUSE OF ACTION
### Defamation of Character
### (Against all Defendants)

142.  Plaintiff incorporates here each and every allegation set forth above.

143.  As alleged herein, Defendants, and each of them, defamed Plaintiff expressed by print, public notices, and writing which contained false, unprivileged defamatory material.

144. Defendants' accusations in writing and printing against the character of Plaintiff affected his reputation, held him up to ridicule, contempt, shame, disgrace, or obloquy, and degraded him in the estimation of the community, induced an evil opinion of him in the minds of right thinking persons, made him an object of reproach, diminished his respectability, abridged his comforts, changed his position in society for the worse, and dishonored and discredited him in the estimation of the public.

145. Defendants are guilty of defamation of character, as defined in California Civil Code § 45 and West's ALR Digest, and Defendants' actions were malicious and done willfully, in conscious disregard of the rights, reputation and safety of Plaintiff, in that the actions were calculated to injure Plaintiff. Defendants' defamatory papers and court filings alienated Plaintiff's associates, destroyed Plaintiff's reputation and character, which cannot be bought, and that now is lost, will be extremely difficult to restore. As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter future misconduct.

WHEREFORE, Plaintiff prays for judgment and an Order against Defendants as follows:

A. That judgment be entered in his favor and against Defendants, and each of them.

For an order requiring CMC to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

B. For an order and judgment stating that the Deed of Trust and the Trustees Deed are adjudged void and of no legal force and effect and shall be cancelled, stricken, and or rescinded forthwith.

C. For a temporary restraining order, preliminary and permanent injunction directing the San Diego County Sheriff's Department to refrain from executing any lockout order with respect to the Property.

D.  For a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting under or in concert with them, from collecting on the subject loan and from causing the Property to be sold or assigned to a third party.

E.  For an order stating that Defendants engaged in unfair business practices.

F.  For an order stating that the Deed of Trust, Notice of Default, Notice of Trustee's Sale and Trustee's Deed constitute slander of title to Plaintiff and the Property;

G.  For an order and judgment quieting title to the Property.

H.  For damages, disgorgement, and injunctive relief under California's common and statutory law of unfair business practices.

I.  For compensatory and statutory damages, attorneys' fees and costs according to proof at trial.

J.  For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct.

K.  For such other and future relief as the Court may deem just and proper.


DATED this _30_ day of December, 2013


Respectfully submitted,


Duane Anderson

# Exhibit Cover Sheet

EXHIBIT   1   ..................Copy of letter from CMC dated May 25, 2011  (2 page)

EXHIBIT   2   ..................Copy of Trustee's Deed Upon Sale on the Property  (4 pages)

EXHIBIT   3   ..................Copy of August 27, 2011 Affidavit sent to Roehrenbeck  (7 pages)

EXHIBIT   4   ..................Copy of 2012-01-03 Affidavit sent to Baker  (5 pages)

# CENTRAL MORTGAGE COMPANY

www.CentralMortgageOnline.com

May 25, 2011

Duane Anderson
1007 Capra Way
Fallbrook, CA 92028-9262

RE:      Correspondence – CMC#0290064733

Dear Duane Anderson:

Central Mortgage Company ("CMC") recently received from you correspondence concerning your loan. CMC has reviewed this correspondence, and you will find its response below.

Please be advised that the servicing of your loan by CMC is not subject to the Fair Debt Collection Practices Act, because CMC is not a "debt collector" for your loan per the definition of that term in said statute. However, pursuant to your request for validation of the debt owed by you, please be advised that your debt is evidenced by a note and security instrument that was executed by you on December 4, 2006. You will find copies of these attached. You will also find enclosed a copy of the Loan Modification Agreement executed by you. Pursuant to the terms of those documents, you have an obligation to make monthly loan payments in repayment of the loan taken out by you. You will also find enclosed copies of closing documents and disclosure documents provided to you. Lastly, you will find enclosed a loan payment history, which correctly reflects the history of the account and the amount currently due. Please also be advised that CMC is under no obligation to make the original documents available to you.

In your correspondence, you make various allegations of wrongdoing, but have cited no specific instance. Without specific identification, CMC is unable to review any alleged violations and provide a response. Please be advised that CMC did not originate your loan. CMC is the servicer for your loan. CMC has serviced your loan in accordance with the terms contained within the note and security instrument that govern your loan. CMC complies with all applicable state and federal laws. Your questions about the holder in due course of the note are not relevant to the servicing of your loan.

Pursuant to your request for information relating to the servicing of your loan, please note that your loan has been pooled with other loans in a securities offering registered with the U.S. Securities and Exchange Commission (the "SEC").

Information about the owner of your loan, MSMLT 2007-6XS, including registration statements, prospectuses and other documents relating to the offering are on file with the SEC. Exhibits on file with the SEC include material contracts relating to the servicing of loans in the pool. The SEC maintains a website at http://www.sec.gov/edgar/searchedgar/companysearch.html that contains a filings database (called "EDGAR") that can be searched by using the name of the owner or the Central Index Key (CIK) number assigned to the owner by the SEC. MSMLT 2007-6XS was assigned CIK number 0001393820. Filed documents can also be inspected and copied at prescribed rates at the public reference facilities maintained by the SEC at its Public Reference Section, 100 F Street, N.E., Washington, D.C. 20549. Information about the operation of the Public Reference Room may be obtained by calling the SEC at (800) SEC-0330.

By using the SEC's EDGAR database, you can determine for yourself what documents are relevant to your inquiry and immediately access those documents in a format that can be searched and printed. Elsewhere in this letter we have provided you with information on how to contact us, in the event that you require additional help in searching the SEC files for documents that are relevant to your inquiry.

Attached to this response, you will find copies of all documents relevant to the servicing of your loan. Information about the servicing of your loan can be found on the face of these documents. As mentioned before, a complete loan history for your loan is attached. This history is written in plain English, and any questions you may have about the accounting of your loan can be answered by a review of that history. All debits and credits affecting your loan are reflected on the payment history. All fees assessed to you are listed on this history.

Please be advised that CMC hereby explicitly refuses to be bound by any of the so-called "default provisions" as contained in your correspondence, and labeled "DEFAULT PROVISIONS." Specifically, by responding to this correspondence, CMC refuses to grant power of attorney to Duane Anderson, or any other party, named or unnamed. Your correspondence is without effect in this regard. Additionally, CMC refuses to be bound by your correspondence and the references to: an alleged right for you to revoke or rescind power of attorney; an alleged right to have securities "re-registered", an alleged right of collection against liability insurance or bond; an alleged entitlement to file and execute instruments as an attorney-in-fact for CMC; a right to damages on your behalf for alleged wrongdoing by CMC; and an alleged right to set-off.

By responding to your correspondence, CMC waives no rights or privileges. CMC, among these rights, expressly reserves the right, presently and perpetually, to object to any allegation of fact made by you or any other party, whether communicated in writing or otherwise. Additionally, CMC, by responding to this correspondence, refuses to recognize any alleged rights or remedies that are neither enumerated by the terms and conditions of the note and security instrument that govern your loan nor provided for in applicable state and federal law.

Should you have any other questions, please contact the undersigned at (501) 716-5873.

Sincerely,

CENTRAL MORTGAGE COMPANY
By: Jon Surginer, Title Curative Department

Enclosures

3

F6
4P
OCNA



RECORDING REQUESTED BY:
Old Republic Default Management Services

AND WHEN RECORDED TO:
Central Mortgage Company
801 John Barrow Road
Suite 1
Little Rock, AR 72205

Forward Tax Statements to
the address given above    **2123**

DOC #   2011-0401876

AUG 08, 2011    8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:    24.00
OC:    NA

**PAGES:    4**



SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 10-40632                          Order #: 33-80170231

## TRUSTEE'S DEED UPON SALE

A.P.N.: 105-680-65-00                   Transfer Tax: $0.00

The Grantee Herein was the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was $906,019.67
The Amount Paid by the Grantee was $497,000.00
Said Property is in the City of FALLBROOK , County of San Diego

Old Republic Default Management Services, a Division of Old Republic National Title Insurance Company,
as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed
Trustee) does hereby GRANT without covenant or warranty to

**Central Mortgage Company D/B/A Central Mortgage Loan Servicing Company**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of  San Diego,
State of California, described as follows:

SEE LEGAL DESCRIPTION ATTACHED AS EXHIBIT 'A'
SEE ATTACHED EXHIBIT 'B' FOR FORECLOSURE LENDER CONTACT INFORMATION
PURSUANT TO ORDINANCE 9988

OF THE SAN DIEGO COUNTY CODE.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **DUANE
ANDERSON, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY** as Trustor, dated 12/4/2006
of the Official Records in the office of the Recorder of San Diego, California under the authority and powers vested
in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the
Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on
12/12/2006, instrument number 2006-0880779, and Modified by Loan Modification Agreement Recorded
9/24/09 as Instrument# 2009-0532362 of official records.  Trustee having complied with all applicable statutory
requirements of the State of California and performed all duties required by the Deed of Trust including sending a
Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days
prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with
California Civil Code 2924b.

2124

## TRUSTEE'S DEED UPON SALE

TS #: 10-40632
Loan #: 0290064733
Order #: 33-80170231

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 7/13/2011. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$497,000.00**, in lawful money of the United States, in proper, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

Date: 8/5/2011

**Old Republic Default Management Services, a Division of Old Republic National Title Insurance Company**

By: _____

**Layne Lambert, Assistant Secretary**

STATE OF California
COUNTY OF Orange

On 8/5/2011 before me, LaMai Sue Evans a Notary Public in and for said county, personally appeared, Layne Lambert who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_LaMai Sue Evans_
LaMai Sue Evans

LAMAI SUE EVANS
COMM. #1818442
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Commission Expires October 19, 2012

(Seal)

**2125**

EXHIBIT A

Parcel A:
Parcel 2, according to Parcel Map No. 15807, in the County of San Diego, State of
California, filed in the Office of the County Recorder of San Diego County, September
21, 1989 and 89-510336 of Official Records.

Parcel B:

An easement and right of way for road and public utility purposes over, under, along
and across those portions of Parcel 2, 3 and 4, in the County of San Diego, State of
California as shown on Page 12038 or Parcel Maps, filed in the Office of the County
Recorder of San Diego County, April 1, 1982, which are delineated and designated at
said Page 12038 of Parcel Maps as "Proposed Private Road and Utility Easement".
Excepting therefrom that portion lying Southwesterly of the Southerly prolongation of
the Westerly line of Parcel C hereinafter described.

Parcel C:

An easement and light of way for road and public utility purposes over, under, along and
across those portions of Parcels 1, 2, and 3, in the County of San Diego, State of
California as shown at Page 13124 of Parcel Maps, filed in the Office of the County
Recorder of San Diego County, February 6, 1984, which are delineated and
designated at said Page 13124 of Parcel Maps as "Proposed 20 foot Private Road
Easement".

2126

TS #: 10-40632

## Exhibit B

### FORECLOSING LENDER CONTACT INFORMATION
(Pursuant to Ordinance No. 9988 of the San Diego County Code)

Property Address:
1007 CAPRA WAY
FALLBROOK, CA 92028

A.P.N.: 105-680-65-00

Foreclosing Lender Contact Information:
Central Mortgage Company

801 John Barrow Road
Suite 1
Little Rock, AR 72205

Contact:     Chellie Stewart
             1-800-366-2132 Ext 5758
             mkstewart@arvest.com

August 27, 2011

To:   CENTRAL MORTGAGE COMPANY
      c/o William G. Roehrenbeck, CEO
      801 John Barrow Road Suite 1
      Little Rock, AR 72205

From: Duane Russell Anderson
      1007 Capra Way,
      Fallbrook, CA 92028

Certified Mail Receipt # 7009 2820 0002 3854 7445

Re: ACCOUNT # 0290064733

**AFFIDAVIT OF Duane Russell Anderson**
Pledge of Peace – To Cease And Desist Unlawful Eviction
Offer And Compromise

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

Dear Mr. Roehrenbeck, CEO

I , Duane Anderson, the Affiant over the age of 21 years, and declares that I am compelled to inform you of my standing. I pledge this bond of peace to you in all my communications. I accept your bond of peace in all our communications. I reserve all of my rights and abandon none. I am looking to do a conditional offer and Compromise.

I trust this communication with you will prevent further injury to me, to you, and to any other parties who appear to have an interest in my residential property. This notice and agreement is presented to you, in peace, in your private and personal capacities.

On December 12, 2006, the Deed of Trust was recorded with the San Diego County Recorder, Document No. 2006-00880779. On Page 1, item (A) "Security Instrument" means this document, which is dated December 4, 2006, together with all Riders to this document. See Attachment #1.

On Page 2, Item (H) of the Deed of Trust states the "Loan" means the debt evidenced by the Note. Page 13, Paragraph 20 states "The Note or partial interest in the Note (together with this Security

Page 1

Instrument) can be sold one or more times without prior notice to Borrow●." Refer back to Attachment #1.

On May 24, 2010, an Assignment of Deed of Trust was recorded with the San Diego County Recorder, Document No. 2010-0258030, stating MERS assigned the Deed of Trust together with the Note, all beneficial interest to Central Mortgage Company (CMC), See Attachment #2. However, in a letter dated May 25, 2011, stated that CMC is the servicer of my loan. Also, the letter states that my note was pooled with other notes in a securities offering, registered with the U.S. Securities Exchange Commission (SEC), MSMLT 2007-6XS, CIK Number 0001393820, See Attachment #3.

Based on the letter dated May 25, 2011, the Note (an instrument, a promise to pay) was placed into a securitization trust and paid off through MSMLT 2007-6XS. Therefore, the debt has been extinguished; the debt has been discharged and setoff. How can my Note have been pooled in 2007 and assigned to CMC in 2010. The Note cannot be in two places at the same time. Either, the note would have had to be converted to a security in 2007 to be pooled in the MSMLT 2007-6XS, if not, that would appear to be

Securities Fraud is defined as: A type of serious white-collar crime in which a person or company, such as a stockbroker, brokerage firm, corporation or investment bank, misrepresents information that investors use to make decisions. Securities Fraud can also be committed by independent individuals (such as by engaging in insider trading). The types of misrepresentation involved in this crime include providing false information, withholding key information, offering bad advice, and offering or acting on inside information. This appears to have happened in my note by the identification of the MSMLT 2007-6XS stating the pool the note is in and the PSA, which would make any assignments void.

According to a SEC Judgment awarding 13 Million in violation of SEC in the case of SEC v. Badger, et a.., Civil Action No. 2:97 CV 0963K (D. Utah). The SEC ordered Badger to pay disgorgement of $5,786,162, plus prejudgment of $7,650,788.54, for a total of $13,436,950.54 and a civil monetary penalty of $5,787,162 in which Badger consented to the entry of the judgment.

Therefore, in the Assignment of Deed, the Note could not have been properly conveyed to CMC, because once the Note is converted into a security, there is no more loan and it is forever a security, refer back to Attachment #2. Therefore, I believe that the assignment of deed is a defective document and CMC could possibly be in violation of Penal Code 115, which states, (a) Every person who knowingly procures or

offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony.   (b) Each instrument which is procured or offered to be filed, registered, or recorded in violation of subdivision (a) shall constitute a separate violation of this section, which is a felony.

On May 24, 2010, a Substitution of Trustee was recorded with the San Diego County Recorder, Document No. 2010-0258031, states the undersigned is the Beneficiary under said deed of trust.  CMC couldn't substitute a trustee because the chain of title was broken.  Once the Note was converted to a security, it is regulated by the SEC.  Therefore, I believe that the Substitution of Trustee is a defective document and CMC and Janice Davis (signer on the document) could possibly be in violation of Penal Code 115, See Attachment #4.

On October 25, 2010, a Notice of Default And Election To Sell Under Deed Of Trust was recorded with the San Diego County Recorder, Document No. 2010-0571041.  The Notice of Default (NOD) is in violation California Civil Code 2924c.(b)(1) because the NOD is required to have the name, address and phone number of the beneficiary on the NOD.  Is CMC and Natalie McClendon (contact person for CMC on the NOD) claiming that CMC is the beneficiary?  See Attachment #5.

The NOD states that the Deed of Trust and the Note are presently held by Old Republic Default Management Service (ORDMS) and the present beneficiary has deposited the Deed of Trust and the Note with the duly appointed trustee.  Refer back to Attachment #5.  How could that be true, when in your letter dated May 25, 2011, states that the Note was pooled in a securities offering registered with the SEC, refer back to Attachment #3.  Therefore, I believe that the NOD is a defective document and CMC and Natalie McClendon could possibly be in violation of Penal Code 115.

On May 3, 2011, A Notice of Trustee's Sale was recorded with the San Diego County Recorder, Document No. 2011-0228448.  The chain of title has been broken and CMC is not the party of interest and could not instruct ORDMS to initiate a non-judicial foreclosure sale.  See Attachment #6.

On August 8, 2011, A Trustee's Deed Upon Sale was recorded with the San Diego County Recorder, Document No. 2011-0401876, stating CMC was the foreclosing beneficiary.  How could that be if the note was pooled in 2007 and the chain of title was broken.   How can CMC gain possession, knowing

that there was no proper transfer of title, by the lender (whoever that may ) and if CMC can't provide a purchase receipt or record of deposit in the amount of $497,000.00 paid by the grantee, stating that CMC is the new owner, then no valid sale has taken place. Therefore, I believe that the Trustee's Deed Upon Sale is a defective document and CMC could possibly be in violation of Penal Code 115. See Attachment #7.

Therefore, I believe that the following documents are defective, due to broken chain of title:

1. The Assignment of Deed
2. The Substitution of Trustee
3. The Notice of Default
4. The Notice of Trustee Sale
5. The Trustee's Deed Upon Sale

I believe that CMC, Janice Davis and Natalie McClendon could possibly be in violation of Penal Code 115, which is a felony. Therefore, by recording these documents in public record it appears to be libel and slandering my name, all those in concert with one another could be guilty of a criminal act. I have been advised of my legal rights and I intend to exercise those rights to the fullest extent of the law.

Black's Law, 5th Edition, Page 824 states, Libel is a method of defamation expressed by print, writing, pictures, or signs.   A false and unprivileged publication in writing of defamatory material. **Bright v. Los Angeles Unified School Dist., 51 Cal.App.3d 852, 124 Cal.Rptr. 598, 604.** Accusation in writing or printing against the character of a person which affects his reputation, in that it tends to hold him up to ridicule, contempt shame, disgrace, or obloquy, to degrade him in the estimation of the community, to induce an evil opinion of him in the minds of rightthinking persons, to make him an object of reproach, to diminish his respectability or abridge his comforts, to change his position in society for the worse, to dishonor or discredit him in the estimation of the public. **Washer v. Bank of America Nat. Trust & Savings Ass'n, 21 Cal.2d 822, 136 P.2d 297, 300.**

Black's Law, 5th Edition, Page 1244 states Slander as, the speaking of base and defamatory words tending to prejudice another in his reputation, office, trade, business, or means of livelihood. **Little Stores v. Isenberg, 26 Tenn.App. 357, 172 S.W.2d 13, 16; Harbison v. Chicago, R. I. & P. Ry. Co., 327 Mo 440, 37 S.W.2d 609, 616.** Oral defamation' the speaking of false and malicious words

concerning another, whereby injury results to his reputation. **Johnston. Savings Trust Co. of St. Louis, Mo, 66 S.W.2d 113, 114; Lloyd v. Commissioner of Internal Revenue, C.C.A.7, 55 f.2d 842, 844.**

According to the Uniform Commercial Code (UCC), Article 3-305 (a), Defenses and Claims in Recoupment of Negotiable Instruments states, the right to enforce the obligation of a party to pay the instrument is subject to the following:

(1) (ii) duress, lack of legal capacity, or illegality of the transaction which, under other law, nullifies the obligation of the obligor, (iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or (iv) discharge of the obligor in insolvency proceedings.

In the interest of all those involved, I am willing to give possession of the real property, located at 1007 Capra Way, Fallbrook, California 92028, to the real party in interest and the note holder in due course, in return for my original, unaltered, wet-ink signature promissory note (not a copy, not a certified copy or any counterfeit thereof) **pursuant to CCP 667,** which states, "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and withholding the same." However, if the return of my property cannot be had, I ask for the full face value of the Note.

In the interest of judicial economics, no unlawful detainer should be filed because CMC is not entitled to seek possession; and I am willing to relinquish possession of the property in exchange for the return of the original Note. If the Note is not returned, the holder in due course could come back later to seek payment. Only the Note holder in due course has a right and claim to possession.

If CMC cannot return to me the original, unaltered, wet-ink promissory note, then CMC did not have the authorization to have initiated a non-judicial foreclosure action to gain possession. CMC is not entitled to be unjustly enriched by retaining property and the benefits received, **Tulalip Shores, Inc. v. Mortland, 9 Wash. App. 271, 511 P. 2d 1402, 1404. Hummel v. Hummel, 133 Ohio St. 520, 14 N.E. 2d 923, 927.** I believe my note is still being traded and CMC would have possession of the

property to sell it again.

**Offer and Compromise**.  If CMC cannot return my original unaltered, wet-ink promissory note, Cease and Desist all action to seek possession, rescind trustee sale and return title back into my name.

Truth In Lending disclosures states one can exercise an accurate rescission notice, for up to three years from closing.  Pignato, p.1013 (Fla. 4th DCA 1995) ("TILA permits the borrower to rescind a loan transaction until midnight of the third business day following delivery of all of the disclosure materials or the completion of the transaction, whichever occurs last."]. See also: Beach, cases, supra, **Rodash,Steele v Ford Motor Credit**, **783 F.2d 1016,1017 (11th Cir.1986)**, **Semar v. PlatteValley Fed. S&L**, **791 F.2d 699, 701-702 (9th Cir. 1986)**.

I am writing you in a good faith attempt to come to terms over the above present issue of possession, to come to an Offer in Compromise.  I am willing to turn over possession to CMC, if CMC will return to me the unaltered Note.  However, if CMC cannot return to me the original, unaltered, wet-ink promissory note, then that tells me that CMC did not have the authorization to have initiated a non-judicial foreclosure action to gain possession.

Pursuant to your letter dated May 25, 2011, I am writing this Affidavit in good faith, for you 20 days to comply with this urgent matter.

Mr Roehrenbeck, you have been given Notice and an opportunity to act in honor and come to a peaceful and honorable resolution, to the satisfaction of both parties.  However, if you refuse to and continue to act in dishonor and cannot produce the evidence to prove that CMC is the real party of interest and had in your possession the documents needed to initiate a non-judicial foreclosure sale and to seek possession, you leave me no alternative but to defend myself legally; and intend to exercise my rights to the fullest extent of the law.

Sincerely,

DUANE R. ANDERSON

_____

By:  Duane Russell Anderson
Authorized Representative/ Secured Party Creditor

# AFFIDAVIT OF NOTARY PRESENTMENT

## CERTIFICATION OF MAILING

State of California ) 
                              ) ss.
County of Riverside )

On this 1st day of March, 2012, A.D. for the purpose of verification, I, the undersigned Notary Public, being commissioned in the County and State noted above, do certify that Duane Russell Anderson appeared before me with the following documents listed below.  I, the undersigned notary, personally verified that these documents were placed in an envelope and sealed by me. They were sent by United States Post Office **Certified** Mail Receipt number 7010 0290 0002 1530 0886 to

Michael M. Baker
C/o PITE DUNCAN, LLP
4375 Jutland Drive Suite 200
San Diego, California  92177

|   |   | Number of Pages |
|---|---|---|
| 1. | NOTARY PRESENTMENT | 1 |
| 2. | AFFIDAVIT OF Duane Russell Anderson | 3 |

34337190002

WITNESS my hand and official seal.

_Janis Dorsey_      3/1/12          (Seal)
Notary Public            Date

My commission expires: _August 28_ , 20 _14_

JANIS DORSEY
Commission # 1901782
Notary Public - California
Riverside County
My Comm. Expires Aug 28, 2014

Return all responses to:
Janis Dorsey
P.O. Box 7935
Riverside, CA 92513

Certified Mail # 7010 0290 0002 1530 0886

## AFFIDAVIT/DECLARATION OF TRUTH

I, Duane Russell Anderson, the undersigned, make this Affidavit/Declaration of Truth of my own free will, and I hereby affirm, declare and swear, under my oath, that I am of legal age and of sound mind and hereby attest that the information contained in this Affidavit/Declaration is true and correct and not misleading.

*This Affidavit/Declaration of Truth is lawful notification to you, Michael M. Baker,* alleged Attorney in the State of California, and is hereby made and sent to you pursuant to the Federal Constitution, specifically, the Bill of Rights, in particular, Amendments I, IV, V, VI, VII, IX and X, and the Declaration of Rights of the California State Constitution, in particular, Article 1, Sections 1, 2, 3, 4, 7, 13, 18, and 20, and pursuant to your oath, and requires your written rebuttal to me, specific to each and every point of the subject matter stated herein, within 30 days, via your own sworn and notarized affidavit, using fact, law and evidence to support your rebuttal of the specific subject matter stated in this Affidavit/Declaration. You are hereby noticed that your failure to respond, as stipulated, and rebut, with particularity and specificity, anything with which you disagree in this Affidavit/Declaration, is your lawful, legal and binding agreement with and admission to the fact that everything attested to in this Affidavit/Declaration is true, correct, legal, lawful, and fully binding upon you in any court in America, without your protest or objection, or that of those who represent you.

The following are statements of fact regarding this instant matter with which I have personal, first hand knowledge:

1. I sent a certified letter via USPS, #7010 0290 0002 1530 0480  under Notary Presentment to Michael M. Baker, alleged Attorney, an officer of the court,  of PITE DUNCAN, LLP, dated, January 7, 2012, which was received and signed for on January 10, 2012 at 8:42 am.

2. This same letter notified Michael M. Baker (a) of my charges, averments, and allegations against him; (b) that he, within a 15 day time period, had to rebut my charges and averments made in that letter if he disagreed with them; (c) that if he failed to do so, then he agreed with and admitted to my charges and averments;

3. As of this date, March 1, 2012, over 46 days have elapsed since the signed receipt of the referenced letter; thus, pursuant to the lawful notice contained in the letter, Michael M. Baker, by his failure to respond to, and further, by his failure to rebut my charges and averments made in my referenced letter, agrees with and admits to my charges contained in my referenced letter;

Some of the charges to which Michael M. Baker admits to include, but are not limited to, the following:

1. Michael M. Baker,  hereinafter: Baker, prior to August 25, 2011 up to the current date, alleging to be an officer of the court and an Attorney in this instant matter, has

1

acquiesced and agreed to not having lawful permission to function as an officer of the court or as an attorney in the state of California. Baker thereby is an imposter and putting fraud upon the court.

2.  Baker acquiesces to the fact that he is not the lawful agent of CENTRAL MORTGAGE COMPANY D/B/A CENTRAL MORTGAGE LOAN SERVICING COMPANY in this instant matter as he has failed to provide any notarized corporate resolution or other officially notarized lawful document granting authorization to him to act as agent for CENTRAL MORTGAGE COMPANY D/B/A CENTRAL MORTGAGE LOAN SERVICING COMPANY thereby putting fraud upon the court.

3.  Baker acquiesces to having put fraud upon the court by not establishing the proper jurisdiction guaranteed to me, Duane Russell Anderson, defendant, a jurisdiction specific to Article III Section 2 of the Federal Constitution, as is my guaranteed Right.

4.  Baker acquiesces that, through irrelevant and, thereby, fraudulent administrative court procedures, has organized, aided, and directed the conspired theft of my property and/or interest thereof, located at 1007 Capra Way Fallbrook California.

5.  Baker, by his own actions, has been further putting fraud upon the court by filing documents in court and implicating the court in this fraud, by attempting to have me removed/evicted from my property/residence after the fraudulent sale without due process of law.

6.  By his own actions through this entire matter, Baker has denied me due process of law as is my Constitutionally guaranteed Right in order to receive some unjust enrichment from the Plaintiff, CENTRAL MORTGAGE COMPANY D/B/A CENTRAL MORTGAGE LOAN SERVICING COMPANY.

Lawful notification has been provided to you, stating that if you do not rebut the statements, charges and averments made in this Affidavit/Declaration, then you agree with and admit to them. Pursuant to that lawful notification, if you disagree with anything stated in this Affidavit/Declaration of Truth, then rebut that with which you disagree, with particularity, within thirty (30) days of receipt thereof, by means of your written, notarized affidavit of truth, based in specific, relevant fact and valid, Constitutionally compliant law to support your disagreement. Your failure to respond, as stipulated, is your agreement with and admission to the fact that everything in this Affidavit/Declaration of Truth is true, correct, legal, lawful, and is your irrevocable admission attesting to this, fully binding upon you in any court of law in America, without your protest, objection or that of those who represent you.

2

Affiant further sayeth naught.


All Rights Reserved


_Duane Russell Anderson_                    3-1-12

Duane Russell Anderson, Affiant                Date

3433719000002

3

# CALIFORNIA ACKNOWLEDGMENT CERTIFICATE

State of California

County of *Riverside*

On *March 1, 2012* before me,
*Janis Dorsey*, Notary Public,

personally appeared *Dunne Russell Anderson*
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

*I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct. WITNESS my hand and official seal.*

_____
Signature

```
JANIS DORSEY
Commission # 1901782
Notary Public - California
Riverside County
My Comm. Expires Aug 28, 2014
```

ADDITIONAL DOCUMENT DETAILS *(Optional, Used for Document Security)*

Name/Title of Document: *Affidavit of Dunne Russell Anderson*

Capacity Claimed by Signer(s): _____

Total Number of Pages in Document (not including this certificate): *3*

Right Thumbprints of Signer(s)

Document Date: *3/1/12*

Additional Details: _____

_____

_____

_____

Initials  Initials

CA-ACK-GBS 1/2010

www.highdesertnotary.com

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Duane Anderson

**DEFENDANTS**

Central Mortgage Company, William G. Roehrenbeck CEO, Michael Baker

13 DEC 30 PM 12: 37

SOUTHERN U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Duane Anderson
1007 Capra Way
Fallbrook, CA 92028  (858) 750-7600

Attorneys (If Known)

N/A

'13 CV 3 1 8 0 CAB DHB

DEPUTY

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**   JURY DEMAND: ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 1,251,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of Title 18 Section 1001(a) (2)(3); (DIVERSITY JURISDICTION) 28 U.S.C 1332 & 1441(A)(B)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS | TORTS | PRISONER | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL PROPERTY** | **PETITIONS** | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☑ 240 Torts to Land | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

rec# 58344  12/30/13  K.  $400

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): **13-cv-2660-BEN-WMC**

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | Arkansas |
| | Arkansas |

c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date December 30, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS058344
Cashier ID: kdelabar
Transaction Date: 12/30/2013
Payer Name: D ANDERSON
---------------------------------
CIVIL FILING FEE
 For: ANDERSON V CENTRAL MORT
 Case/Party: D-CAS-3-13-CV-003180-001
 Amount:        $400.00
---------------------------------
CHECK
 Check/Money Order Num: 5026
 Amt Tendered:  $400.00
---------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00



There will be a fee of $53.00
charged for any returned check.
```